UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FA'JON GREEN,<br><br>    Plaintiff,<br><br>v.<br><br>SAN MATEO COUNTY, et al.,<br><br>    Defendants. | Case No. 22-cv-00768 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING JOINDER OF CO-PLAINTIFFS; DENYING MOTION FOR APPOINTMENT COUNSEL** |

Plaintiff Mr. Fa'jon Green filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against San Mateo County, the San Mateo County Sheriff's Department, Sheriff Carlos G. Bolanos, and various officers. Dkt. No. 1 at 2. Plaintiff is currently incarcerated at the Maguire Correctional Facility ("MCF") in Redwood City. *Id.* at 1. This matter was reassigned to the Undersigned on February 11, 2022. Dkt. Nos. 4, 5. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order. Dkt. No. 2.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B. **Co-Plaintiffs**

As an initial matter, the Court addresses Mr. Green's attempt to join other prisoners to this matter as co-plaintiffs. Dkt. No. 1 at 2. There is no indication that any of the named co-plaintiffs have agreed to participate in this action as Mr. Green is the only party to have signed the complaint. *Id.* at 6. But even if co-plaintiffs were willing to participate, the Court will not allow them to join Mr. Green's action. Mr. Green is not a licensed attorney and cannot represent other individuals.

Furthermore, the use of co-plaintiffs presents a procedural problem unique to prisoner litigation. The main problem with having unrepresented inmates proceeding as co-plaintiffs is that inmates lack control over their ability to access each other to prepare documents and prosecute a case together. Inmates are frequently moved, whether within the institution or without. Therefore, plaintiffs may not have access to each other in the future to prepare documents and discuss the case. Even inmates who initially are physically close to each other often do not remain so for the months or years that it may take to litigate a case. One plaintiff may be moved to a different facility or be released from custody, either of which will make their joint prosecution of this case inordinately more difficult. Then the slow pace of plaintiffs' communications with each other will

2

result in extensive delays at each point in the litigation where they are required to file anything with the court. In addition, as *pro se* plaintiffs, none of the plaintiffs has the authority to represent the others. *See Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself").

Lastly, the complaint is not filed as a class action, and Mr. Green would not be legally authorized to represent the other named plaintiffs or absent class members because he is not a licensed attorney. *See Simon v. Hartford Life Ins. Co.*, 546 F.3d 661, 665 (9th Cir. 2008), citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975), with approval.

Based on the foregoing, Mr. Green's attempt to join co-plaintiffs in this matter is DENIED. Mr. Green shall be referred to as "Plaintiff" for the rest of this order.

### C. Plaintiff's Claims

Plaintiff alleges that during the first two weeks of January 2022, the "sheriff custody authorities" brought five inmates who were known to be Covid-positive into the "Bay housing unit" of MCF, where there were inmates who had tested negative for the virus. Dkt. No. 1 at 2-3. Plaintiff claims the prison authorities failed to take precautions and follow health care order guidelines in not quarantining these five infected inmates before housing them with non-infected inmates. *Id.* at 3. Plaintiff claims the infected inmates have equal access to custody phones, tables, chairs, and electronic tablets as others, without disinfecting them. *Id.*; *id.* at 5. Plaintiff claims he requested Defendants to reopen another available housing unit but was refused. *Id.* at 4. Plaintiff claims these failures by Defendants constitute an Eighth Amendment deliberate indifference to medical needs claim. *Id.* Plaintiff also claims that his Fourteenth Amendment right to equal protection was violated. *Id.* at 5. Plaintiff seeks a preliminary injunction, ordering Defendants to "separate and quarantine all infected Covid-19 inmates," and damages. *Id.* at 6.

3

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Eighth Amendment imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer*, 511 U.S. at 832; *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 199-200 (1989). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297).

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837. The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but did not actually know, the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

Plaintiff's allegations are insufficient to state a claim. First of all, he claims Defendants acted with deliberate indifference by failing to take precautions to protect uninfected inmates from exposure to infected inmates, which implicates Plaintiff's Eighth Amendment right to health and safety. However, Plaintiff's allegations regarding exposure are generalized. He must explain with greater specificity how he personally has been exposed to potential infection by unnecessary contact with the infected inmates. Furthermore, Plaintiff fails to allege how each named Defendant is directly responsible for the danger to his health and safety. *See Farmer*, 511 U.S. at 837. Nowhere in his

4

statement of claim does he describe the individual actions of any of the named defendants to establish that they were each personally involved in the alleged deprivation, or much less that they each acted with deliberate indifference. Plaintiff shall be granted leave to file an amended complaint to allege specific facts so that the Court can determine whether he states a cognizable Eighth Amendment claim.

Plaintiff also asserts that his equal protection rights were violated. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). A plaintiff alleging denial of equal protection based on race or other suspect classification must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent. *Monteiro v. Tempe Union High School Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998). To state a claim for relief, the plaintiff must allege that the defendant state actor acted at least in part because of the plaintiff's membership in a protected class. *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003); *see also Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011) (en banc) (claim that alleged harmful treatment but mentioned nothing about disparate treatment was properly dismissed); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564-65 (2000) (per curiam) (holding that "class of one" claim requires only that action be irrational and arbitrary, rather than requiring discriminatory intent).

Plaintiff's allegations are simply insufficient to state an equal protection claim because he fails to identify the protected class of which he is a member and how Defendants discriminated against him because of his membership in that class. He must at least describe similarly situated prisoners who received different treatment than Plaintiff such that Defendants' actions towards him were irrational and arbitrary. Accordingly, this claim is also dismissed with leave to amend for Plaintiff to attempt to state sufficient

factual allegations to support an equal protection claim against each Defendant whom he believes is responsible for the discriminatory treatment.

Lastly, Plaintiff names San Mateo County and the San Mateo County Sheriff's Department as Defendants. Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, *see Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691; *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir. 1995). To impose municipal liability under § 1983 for a violation of constitutional rights resulting from governmental inaction or omission, a plaintiff must show: "(1) that he possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (internal quotation marks omitted). Plaintiff fails to allege sufficient facts to state a *Monell* claim against the County or the Sheriff's Department. He may attempt to do so in the amended complaint.

In preparing an amended complaint, Plaintiff must limit the allegations to his specific and personal circumstances and not that of any other prisoner or prison conditions in general. Plaintiff should also keep the following principles in mind. Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the

6

deprivation of which the plaintiff complains.  *See Leer*, 844 F.2d at 633.

### D. Motion for Appointment of Counsel

Plaintiff requests appointment counsel but fails to assert any grounds in support. Dkt. No. 1 at 6.  There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc).  The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  Plaintiff has set forth no grounds for warranting appointment of counsel.  Accordingly, Plaintiff's motion is **DENIED** without prejudice for lack of exceptional circumstances.  *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand,* 113 F.3d at 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

### E. Request for Preliminary Injunction

As part of his relief, Plaintiff seeks a preliminary injunction.  Dkt. No. 1 at 6. Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction or temporary restraining order ("TRO").  Prior to granting a preliminary injunction, notice to the adverse party is required.  *See* Fed. R. Civ. P. 65(a)(1).  Therefore, a motion for preliminary injunction cannot be decided until the parties to the action are served.  *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983).  Accordingly, the request for a preliminary injunction shall not be decided unless and until Defendants have been served in this action and given an opportunity to be heard.

///

# CONCLUSION

For the reasons state above, the Court orders as follows:

1. Plaintiff's attempt to join co-plaintiffs to this matter is DENIED. This action shall proceed only based on Mr. Green's individual claims. Any co-plaintiffs appearing on the docket shall be terminated and their claims dismissed without prejudice to each filing his own lawsuit.

2. The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** from the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint to correct the deficiencies described above. The amended complaint must include the caption and civil case number used in this order, *i.e.*, Case No. C 22-cv-00768 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed. Plaintiff is reminded that the amended complaint supersedes the original, and Plaintiff may not make references to the original complaint. Claims not included in the amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

3. **Failure to respond in accordance with this order by filing an amended complaint in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

IT IS SO ORDERED.

Dated: ___June 17, 2022_____

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend; Denying M. For Appt. of Counsel
PRO-SE\BLF\CR.22\00768Green_dwlta&atty